[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11351
Non-Argument Calendar

_____

D. C. Docket No. 06-00438-CR-6-KOB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM EARL ERVIN, JR.,
a.k.a. Pick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 7, 2009)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

William Earl Ervin, Jr., a federal prisoner proceeding *pro se*, appeals the

district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 706 and 709 to the Sentencing Guidelines. On appeal, Ervin argues that the district court erred by finding that it lacked authority to consider a variance under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Additionally, Ervin argues that the district court erred by concluding that he was sentenced to the statutory mandatory minimum and was thus not entitled to a reduction based on Amendment 706.

We review the district court's decision regarding whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v. Williams*, 549 F.3d 1337, 1338-39 (11th Cir. 2008) (internal quotation marks and citation omitted) (per curiam). However, claims raised for the first time on appeal are reviewed for plain error. *United States v. Smith*, 459 F.3d 1276, 1282-83 (11th Cir. 2006). "Under the plain error standard, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1283. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a Guidelines range that has been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "[A] defendant whose original sentencing range was based on something other than [United States Sentencing Guidelines] § 2D1.1," such as the application of a statutory mandatory minimum term of imprisonment, "is precluded from receiving a sentence reduction [under Amendment 706], since the amendment would not lower his applicable guidelines range." *Williams*, 549 F.3d at 1339.

Upon review of the record and consideration of the parties' briefs, we discern reversible error. With respect to Count 5 of his indictment, Ervin plead guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). At the time of his sentencing, Ervin's Guidelines range for Count 5 was 100 to 125 months of imprisonment; he was sentenced to 125 months of imprisonment for that count.

Amendment 706 has subsequently lowered Ervin's Guidelines range with respect to Count 5. The district court erred by concluding that it lacked jurisdiction to lower Ervin's sentence. The district court relied on the mistaken conclusion that Ervin had been sentenced to 120 months of imprisonment, which is the statutory

3

minimum sentence, when in fact Ervin was sentenced to 125 months of imprisonment. Accordingly, we vacate and remand for consideration of whether Ervin was entitled to a reduction under § 3582(c)(2) based on Amendment 706.[1]

**VACATED AND REMANDED.**

---

[1]Ervin raises a number of other arguments, none of which have merit. First, "*Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission." *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir. 2009) (per curiam), *cert. denied*, __ S. Ct. __, 2009 WL 357585 (2009). Second, to the extent that Ervin challenges the constitutionality of the Sentencing Guidelines and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), he did not raise these arguments before the district court, and he points to no explicit statutory provision or direct precedent in this Court or the Supreme Court showing error in this regard. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam) (holding that an error is not plain unless it is contrary to an explicit statutory provision or to an on-point precedent in this Court or the Supreme Court). Accordingly, there was no plain error.